FILED

APR 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SURF AND SAND, LLC,

        Plaintiff - Appellant,

  v.

CITY OF CAPITOLA,

        Defendant - Appellee.

No. 08-16481

D.C. No. 5:07-CV-05043-RS

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, , Presiding

Argued and Submitted October 7, 2009
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and STROM, [**] District
Judge.

    Plaintiff Surf and Sand LLC ("Surf and Sand") seeks to challenge a Capitola

municipal ordinance implementing a state statute designed to prevent owners of

mobile home parks from avoiding rent control by effecting sham conversions of

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The Honorable Lyle E. Strom, Senior United States District Judge for
the District of Nebraska, sitting by designation.

the parks from rental to owned units. *See* Cal. Gov't Code § 66427.5 ("State Conversion Statute"); City of Capitola Municipal Code § 16.70 ("Conversion Ordinance"). The Conversion Ordinance implements the State Conversion Statute by detailing the information that park owners must disclose when conducting a survey of resident support prior to a conversion and establishing a presumption that a conversion is bona fide only if a majority of the renters support conversion. The district court dismissed the action and we affirm.

The district court correctly held that the facial challenge to the Conversion Ordinance as a public regulatory taking was not ripe. Plaintiff had not sought compensation from the state as required by *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). Surf and Sand contends on appeal that because *Williamson* creates a prudential barrier to the exercise of jurisdiction, the district court should nevertheless have reached the merits. Yet Surf and Sand offers no good reason why the district court should have done so. Plaintiff never took any steps to convert the property and so is unable to show that the Conversion Ordinance adversely affected it. Accordingly, our decision in *McClung v. City of Sumner*, 548 F.3d 1219, 1224 (9th Cir. 2008), in which the dispute was "clearly defined and concrete," is not on point.

Surf and Sand also contends that its regulatory takings claim is ripe under *Williamson* because an application to convert the park would be futile. Though our case law does recognize a futility exception to *Williamson*'s ripeness requirements, that exception addresses the futility of state compensation remedies, not the futility of the municipal proceedings alleged to give rise to the taking. *See Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 657-61 (9th Cir. 2003). Surf and Sand has not alleged any deficiencies in California's compensation remedies, and thus the futility exception is inapplicable here. We therefore concur with the district court that Surf and Sand's regulatory takings claim is not yet ripe.

The district court's additional holding that Surf and Sand failed to state a claim for a regulatory taking is also sound. Under *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978), a plaintiff must demonstrate at least some adverse impact, even in a facial challenge. Surf and Sand has not shown any. The City has not yet denied Surf and Sand the opportunity to convert the park to resident ownership.

For similar reasons, Surf and Sand cannot establish that the City has effectuated a private taking in violation of the Fifth Amendment's "public use"

requirement by transferring the value of the property from the owners to the renters. *See Kelo v. City of New London*, 545 U.S. 469 (2005).

The district court also correctly dismissed Surf and Sand's claims that the Conversion Ordinance violated its substantive due process and equal protection rights. Surf and Sand argues that the City's stated reason for adopting the Conversion Ordinance was not its actual reason, and that the actual reason is constitutionally improper. The City's actual motivation, however, is irrelevant under rational basis review; this court asks only "whether the governmental body *could* have had no legitimate reason for its decision." *Richardson v. City and County of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997) (internal quotations omitted). The Conversion Ordinance serves a legitimate purpose in preventing evasion of rent control laws. *See Equity Lifestyle Props., Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1194 (9th Cir. 2008) (recognizing rent control laws as rationally related to a legitimate public purpose).

The district court properly dismissed the "class of one" equal protection claim. Surf and Sand's complaint does not allege facts that would establish that the mere enactment of the Conversion Ordinance resulted in Surf and Sand suffering intentional, differential, and irrational treatment by the City, in comparison to a similarly situated group. *See Village of Willowbrook v. Olech*, 528

4

U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 589 (9th Cir. 2008).

**AFFIRMED.**